IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IAN NADEL, | § | |
| | § | No. 451, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2103004368 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted:  May 22, 2023
Decided:    June 29, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, the Court concludes that:

(1)    In September 2021, a grand jury charged the appellant, Ian Nadel, with multiple sexual offenses involving his girlfriend's teenaged child. On June 9, 2022, Nadel pleaded guilty to first-degree sexual abuse of a child by a person of trust, authority, or supervision. Under the plea agreement, the State agreed to enter a *nolle prosequi* on the remaining charges. The State also agreed to cap its sentencing recommendation to the fifteen-year Level V minimum. After completion of a presentence investigation, the Superior Court sentenced Nadel to twenty-five years

of Level V incarceration, suspended after twenty years for decreasing levels of supervision. This appeal followed.

(2)     On appeal, Nadel's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Nadel of the provisions of Rule 26(c) and provided Nadel with a copy of the motion to withdraw and the accompanying brief.

(3)     Counsel also informed Nadel of his right to identify any points he wished this Court to consider on appeal. Nadel has submitted points for this Court's consideration. The State has responded to Nadel's points and has moved to affirm the Superior Court's judgment.

(4)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5)     In his points, Nadel argues that that the Superior Court inappropriately relied on inapplicable aggravating factors to sentence him to twenty years of non-

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

suspended Level V time instead of fifteen years of non-suspended Level V time as recommended by the parties. After careful consideration, we find no merit to Nadel's appeal.

(6) This Court's review of a sentence is generally limited to whether the sentence exceeds statutory limits.[2] As the Superior Court reviewed with Nadel during his plea colloquy, the sentencing range for first-degree sexual abuse of a child by a person of trust, authority, or supervision is fifteen years to life imprisonment.[3] Nadel's sentence fell within the statutory range. The Superior Court also confirmed during the plea colloquy that Nadel understood the fifteen-year sentencing recommendation was just a recommendation, the court was not required to impose the sentencing recommendation, and the court could sentence Nadel to up to life imprisonment.

(7) Before sentencing Nadel, the Superior Court judge stated that she had considered, among other things, the presentence report, the comments of both attorneys at sentencing, the victim's statement, and Nadel's statements during sentencing and the presentence investigation. The judge identified the aggravating factors of undue depreciation of the offense, prior abuse of the victim, position of

---

[2] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[3] 11 *Del. C.* § 778(6)(a)(1) (defining first degree sexual abuse of a child by a person of trust, authority, or supervision as class A felony); 11 *Del. C.* § 4205(a)(1) (providing for sentence of fifteen years to life imprisonment for class A felonies).

trust, and vulnerability of the victim. The record reflects that Nadel sexually abused the victim, in the house where she lived with her mother and Nadel, beginning when the victim was less than sixteen-years-old. Under these circumstances, the Superior Court could conclude that the aggravating factors weighed in favor of a sentence greater than the fifteen-year minimum sentence recommended by the parties.

(8) Having carefully reviewed the record, we conclude that Nadel's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Nadel could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice